IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CONOPCO, INC. D/B/A UNILEVER,<br><br>Plaintiff,<br><br>v.<br><br>WELLS ENTERPRISES, INC.<br><br>Defendant. | Case No.: 1:14-cv-6210 ER<br><br>ANSWER AND AFFIRMATIVE<br>DEFENSES |

For its Answer to the Complaint of Conopco, Inc. d/b/a Unilever ("Unilever" or
"Plaintiff"), Defendant Wells Enterprises, Inc. ("Wells") states and alleges by reference to the
paragraph numbers of that Complaint as follows:

## SUBSTANCE OF THE ACTION

1.     This is an action for copyright infringement, common law unfair competition and
deceptive trade practices under the laws of the State of New York.  Plaintiff brings this action
based upon Defendant's unauthorized past and current use of an advertising campaign that
comprises audiovisual works, text, script, performances, artwork and images that have been
copied from and infringe upon copyrighted works in one of Plaintiff's advertising campaigns and
which provide the basis for this action is brought against defendant Wells Enterprises, Inc.
("Defendant") for federal trade dress infringement, false designation of origin and unfair
competition, in violation of the Lanham Act, and for substantial and related claims of unfair
competition, deceptive trade practices and injury to business reputation under the state and
common laws of the State of New York.

**ANSWER:**     Wells admits that Plaintiff's Complaint purports to allege claims of
copyright infringement, common law unfair competition and deceptive trade practices under the

laws of the State of New York.  Wells denies liability on all such and claims and denies the remaining allegations of Paragraph 1.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction under Sections 1332(a), 1338(a) and 1338(b) of the Judicial Code, 28 U.S.C. §§ 1332(a), 1338(a) and 1338(b), and under principles of supplementary jurisdiction.  Venue properly lies in this District under Sections 1391(b) and 1391(c) of the Judicial Code, 28 U.S.C. §§ 1391 (b) and 1391(c), because the Defendant conducts business in and/or has substantial contacts with and/or may be found in the Southern District of New York, and a substantial portion of the events at issue have arisen and/or will arise in this judicial district.

**ANSWER:**      Wells admits that this court has subject matter jurisdiction over this action and that venue is proper in this district.  Wells denies all allegations of Paragraph 2 not specifically admitted herein

## PARTIES

3.      Unilever is a New York corporation, with a place of business at 700 Sylvan Avenue, Englewood Cliffs, New Jersey 07632.  Unilever is the owner of the copyrights at issue in the advertising campaign (collectively, "Plaintiffs Copyrights").

**ANSWER:**      Wells is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations of Paragraph 3.

4.      Upon information and belief, defendant Wells Enterprises, Inc. is an Iowa corporation, having a place of business at One Blue Bunny Drive, Le Mars, Iowa 51031.

**ANSWER:**      Admitted.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

A.    Plaintiff's Activities

5.    Since 1912, Unilever and/or its affiliates, and their predecessors and/or their licensees have extensively marketed, promoted and sold frozen products, including ice cream, gelato and ice cream toppings products under the BREYERS® mark throughout the United States.

**ANSWER:**    Wells is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations of Paragraph 5.

6.    BREYERS® brand ice cream products consistently rank among the most popular ice cream products nationwide.  As one of the most prestigious brands in the ice cream category, Unilever sells its BREYERS® brand ice cream products through retail stores, including grocery and convenience stores, supermarkets, drug stores, and national chain stores across the country.

**ANSWER**:    Wells is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations of Paragraph 6.

7.    Over the years, Unilever has continuously and extensively advertised, marketed and promoted its BREYERS® brand ice cream products in a wide variety of national media including television, radio, print and online, including on a website located at the domain name www.breyers.com.  As a result of Unilever's extensive advertising and promotion of its BREYERS® brand products, the volume of sales of goods sold under the BREYERS® brand have been enormous and the BREYERS® brand is consistently one of the highest selling brands for ice cream products in the United States.  In fact, the BREYERS® brand is currently the highest selling brands for ice cream products in the United States.

**ANSWER**:     Wells is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations of Paragraph 7.

8.     The extraordinary and longstanding success of Plaintiffs BREYERS® brand ice cream has fostered wide renown with the trade and public and the products sold under the BREYERS® brand have a reputation for being of the highest quality.

**ANSWER**:     Wells is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations of Paragraph 8.

9.     In 2013, Unilever created the original BREYERS® Moments television commercial (the "BREYERS® Moments Commercial"), including all audiovisual works, performances, text, script, artwork and images for the BREYERS® Moments Commercial. Unilever created and uses the BREYERS® Moments Commercial to market, promote and advertise the highly successful BREYERS® brand ice cream products. Annexed hereto as Exhibit 1 is a copy of the BREYERS® Moments Commercial. The BREYERS® Moments Commercial features copyrighted audiovisual works, performances, text, script, artwork and Images. The BREYERS® Moments Commercial was and is currently played on television and online.

**ANSWER**:     Wells is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations of Paragraph 9. Wells further refers to Exhibit 1 to the Complaint for the contents thereof.

10.     The BREYERS® Moments Commercial begins with a distinctive on-screen super that reads, "BREYERS® -- TOGETHER MAKING MOMENTS." Throughout the Commercial, Unilever features additional on-screen supers, including "STOLEN MOMENTS," "THAT'S MY BOY MOMENT" and "QUALITY MOMENT." The on-screen

supers are featured with scenes of family members and close friends enjoying ice cream. All of the on-screen supers prominently feature the term "moment" or "moments" in green font, while the other terms appear in white font.

**ANSWER**:     Wells refers to Exhibit 1 to the Complaint for the contents thereof. Wells admits that the BREYERS commercial attached as Exhibit 1 to the Complaint includes on-screen supers including "Breyers together making moments," "stolen moment," "that's my boy moment" "quality moment" and "Breyers the taste you've loved for over 140 years." Wells further admits that the words "moment" and "moments" are presented in a green color while the other terms appear in white. Wells denies the remaining allegations of Paragraph 10 that are not addressed by Exhibit 1.

11.     Unilever also created the original BREYERS® Moments digital marketing campaign which consists of a Facebook activation, email blasts, e-newsletters, videos on demand and a Twitter activation (the "BREYERS® Moments Digital Campaign"). Annexed hereto as Exhibit 2 is a copy of the BREYERS® Moments Digital Campaign. The BREYERS® Moments Digital Campaign features copyrighted artwork, text and images. The BREYERS® Moments Digital Campaign was and is currently circulated online. The BREYERS® Moments Commercial and the BREYERS® Moments Digital Campaign.

**ANSWER**:     Wells is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations of Paragraph 11. Wells refers to Exhibit 2 to the Complaint for the contents thereof.

12.     The BREYERS® Moments Campaign contains material which is wholly original. The BREYERS® Moments Campaign constitutes copyrightable subject matter that is protected against unauthorized copying under the laws of the United States.

**ANSWER**:     Wells denies the allegations of Paragraph 12.

13.     Unilever filed with the U.S. Copyright Office an application to register the copyrights in the BREYERS® Moments Campaign. The U.S. Copyright Office issued the following copyright registration for the BREYERS® Moments Campaign: U.S. Copyright Registration No. PA0001900548.

**ANSWER**:     Wells is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations of Paragraph 13.

B.     Defendant's Unlawful Activities

14.     Upon information and belief, Defendant manufactures, markets, distributes and sells frozen confection products under the name BLUE BUNNY® throughout the United States. Defendant sells its BLUE BUNNY® products through numerous mass retail trade channels, such as supermarkets, drug stores, convenience stores and national chain stores, including the same retailers in which Unilever sells its BREYERS® ice cream products.

**ANSWER**:     Wells admits that it manufactures, markets, distributes and sells ice cream and other frozen confection products under the BLUE BUNNY trademark nationwide in channels such as supermarkets, drug stores, convenience stores, and national chain stores. Wells denies all allegations of Paragraph 14 not specifically admitted herein.

15.     Upon information and belief, Defendant, independently or through a third party created, reproduced, distributed or prepared derivative works of original elements of the BREYERS® Moments Campaign in an advertising campaign for its BLUE BUNNY® ice cream products (the "Infringing Campaign"). The Infringing Campaign consists of a television commercial (the "Infringing Commercial") as well as a print advertisement (the "Infringing Print

Advertisement"). Annexed hereto as Exhibit 3 is a copy of the Infringing Commercial. Annexed hereto as Exhibit 4 is a copy of the Infringing Print Advertisement.

**ANSWER**:   Wells admits that a third party engaged by Wells created the television commercial and the print advertisement attached as Exhibits 3 and 4 to the Complaint (the "Wells Ads"). Wells further admits that the Wells Ads were distributed in commerce. Wells denies all allegations of Paragraph 15 not specifically admitted herein.

16.    Upon information and belief, Defendant has played or circulated and is playing or circulating the Infringing Campaign in a wide variety of national media, including on television, in print and online. The Infringing Campaign is currently circulated to consumers throughout this District, this State and the United States.

**ANSWER**:   Wells admits that the Wells Ads had been distributed to national media, including on television, in print and online, including to consumers in this District, but avers that the Wells Ads have been discontinued and are not currently being published or circulated. Wells denies all allegations of Paragraph 16 not specifically admitted herein.

17.    The Infringing Campaign is comprised of audiovisual works, performances, text, script, artwork and images which are substantially similar to the audiovisual works, performances, text, script, artwork and images in the copyrighted BREYERS® Moments Campaign.

**ANSWER**:   Wells denies the allegations of Paragraph 17.

18.    The BREYERS® Moments Campaign and the Infringing Campaign feature at least the following strikingly similar scenes, text, script, artwork and images:

| BREYERS® Moments Campaign | Infringing Campaign |
|---|---|
| Family members and close friends enjoying ice cream | Family members and close friends enjoying ice cream |
| A child holding a spoonful of ice cream in front of their pregnant mother's belly | A child holding a spoonful of ice cream in front of their pregnant mother's belly |
| A boy and his father licking ice cream from bowls | A boy licking ice cream from his bowl |
| A grandfather and grandson doing "cheers" with their ice cream cones | Two children doing "cheers" with their ice cream sandwiches |
| A group of teen girls giggling and laughing over ice cream | A group of teen girls giggling and laughing with their ice cream cones |
| On-screen supers that label the "moments" as "BREYERS® --TOGETHER MAKING MOMENTS," "STOLEN MOMENTS," "THAT'S MY BOY MOMENT" and "QUALITY MOMENT" | A voice over that labels the "moments" as, "BIG ONES," "SMALL ONES," and "LIFE CHANGING MOMENTS" |
| The term "moments" emphasized by a distinctive font color | The term "moments" emphasized by a distinctive font color |

**ANSWER**:    Wells denies the allegations of Paragraph 18.

19.    Upon information and belief, Defendant had access to the BREYERS® Moments

Campaign, intentionally copied or caused to be copied the audiovisual works, text, script,

performances, artwork and images featured in the BREYERS® Moments Campaign, and used

identical audiovisual works, text, script, performances, artwork and images for the Infringing

Campaign.  Upon information and belief, Defendant copied or caused to be copied the

BREYERS® Moments Campaign for the specific purpose of infringing Plaintiff's Copyrights in

the BREYERS® Moments Campaign.

**ANSWER**:    Wells denies the allegations of Paragraph 19.

20.    Upon information and belief, Defendant has engaged in a pattern of deliberate and

willful infringement designed to confuse consumers as to the source of its products and trade

upon Unilever's valuable intellectual property, goodwill and reputation.

**ANSWER**:    Wells denies the allegations of Paragraph 20.

21.     Defendant has engaged in a pattern of deliberate and willful infringement designed to misappropriate Plaintiffs Copyrights and intellectual property, confuse consumers as to the source of its products and trade upon the valuable good will and reputation of Plaintiffs intellectual property.

**ANSWER**:     Wells denies the allegations of Paragraph 21.

22.     Upon information and belief, Plaintiff has lost and will continue to lose substantial revenue from the Infringing Campaign and will sustain damage as a result of Defendant's wrongful conduct and Defendant's use of the Infringing Campaign.  Defendant's wrongful conduct has also deprived and will continue to deprive Unilever of opportunities for expanding its goodwill.  Upon information and belief, unless enjoined by this Court, Defendant intends to continue its course of conduct and to wrongfully use, infringe upon, and otherwise profit from the BREYERS® Moments Campaign and works derived therefrom.  Upon information and belief, unless enjoined by this Court, Defendant's conduct has caused and will continue to cause injury to the reputation of Plaintiff and its well-known and distinctive brands.

**ANSWER**:     Wells denies the allegations of Paragraph 22.

23.     As a direct and proximate result of the acts of Defendant alleged above, Plaintiff has already suffered irreparable damages and lost revenues.  Plaintiff has no adequate remedy at law to redress all of the injuries that Defendant has caused and intends to cause by its conduct. Plaintiff will continue to suffer irreparable damage and loss of revenues as a result of damage to Plaintiff's goodwill and reputation, and the market for Plaintiff's goods and services, and injury to Plaintiff's reputation and brands until Defendant's action are enjoined by this Court.

**ANSWER**:     Wells denies the allegations of Paragraph 23.

24.     On May 5, 2014, Unilever sent a letter to Defendant advising Defendant of Plaintiffs rights in the BREYERS® Moments Campaign and demanding that Defendant cease its illegal activities.  Annexed hereto as Exhibit 5 is a copy of Plaintiffs May 5, 2014 letter to Defendant.

**ANSWER**:     Wells admits that on or about May 5, 2014, its attorney received a letter from counsel for Unilever demanding that Wells cease publishing the Wells Ads.  Wells further admits that Exhibit 5 to the Complaint is a copy of this letter.  Wells denies all allegations of Paragraph 24 not specifically admitted herein.

25.     To date, Defendant has not ceased its illegal activities.

**ANSWER**:     Wells denies that any of its alleged activities are illegal and further denies that it is currently engaging in any activities that Plaintiff alleges are illegal.

**FIRST CLAIM FOR RELIEF**
**COPYRIGHT INFRINGEMENT (17 U.S.C.  § 101 et seq.)**

26.     Plaintiff realleges paragraphs 1 through 25 above and incorporates them by reference as if fully set forth herein.

**ANSWER**:     Wells incorporates by reference its responses to paragraphs 1 through 25 contained in this Answer as if fully set forth herein.

27.     The BREYERS® Moments Campaign consists of original works of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.  Unilever is the sole and exclusive owner of all rights, title and interest in and to the copyrights in the BREYERS® Moments Campaign.

**ANSWER**:     Wells denies the allegations of Paragraph 27.

28.     Upon information and belief, as a result of the open use of the copyrighted BREYERS® Moments Campaign, Defendant had access to the BREYERS® Moments Campaign prior to the creation of Defendant's Infringing Campaign.

**ANSWER**:     Wells denies the allegations of Paragraph 28.

29.     Without the permission or authorization of Plaintiff, Defendant has continued to copy and create unauthorized derivate works based on the copyrighted BREYERS® Moments Campaign and play and circulate the Infringing Campaign, which is substantially similar to the BREYERS® Moments Campaign.

**ANSWER**:     Wells denies the allegations of Paragraph 29.

30.     Upon information and belief, Defendant has profited from the sales of products sold under the Infringing Campaign, which is substantially similar to the BREYERS® Moments Campaign.

**ANSWER**:     Wells denies the allegations of Paragraph 30.

31.     Upon information and belief, unless enjoined by this Court, Defendant intends to continue its course of conduct and to wrongfully use, infringe upon and otherwise profit from Plaintiff's copyrighted BREYERS® Moments Campaign.

**ANSWER**:     Wells denies the allegations of Paragraph 31.

32.     The natural, probable and foreseeable result of Defendant's wrongful conduct has been and continues to be to deprive (sic) Unilever of the rights and benefits granted to it under copyright, including the exclusive right to use, reproduce and exploit Plaintiffs Copyrights and to create derivative works based on Plaintiffs Campaign, and to deprive Unilever of the goodwill in Plaintiffs Copyrights and to injure Unilever's relations with present and prospective customers.

**ANSWER**:     Wells denies the allegations of Paragraph 32.

33.     By its actions, as alleged above, Defendant has infringed and violated Unilever's exclusive rights under copyrights in violation of the Copyright Act, 17 U.S.C. §501, by reproducing, playing and circulating an advertising campaign that uses audiovisual works, text, script, performances, artwork and images that are strikingly, or substantially, similar to Unilever's copyrighted BREYERS® Moments Campaign, all without Unilever's authorization or consent.

**ANSWER**:     Wells denies the allegations of Paragraph 33.

34.     Upon information and belief, Defendant's infringement of Plaintiffs Copyrights is willful and deliberate and Defendant has profited at the expense of Unilever

**ANSWER**:     Wells denies the allegations of Paragraph 34.

35.     Defendant's conduct has caused and will continue to cause irreparable injury to Unilever unless enjoined by this Court.  Unilever has no adequate remedy at law.

**ANSWER**:     Wells denies the allegations of Paragraph 35.

## SECOND CLAIM FOR RELIEF
## COMMON LAW UNFAIR COMPETITION

36.     Plaintiff realleges paragraphs 1-35 above and incorporates them by reference as if fully set forth herein.

**ANSWER**:     Wells incorporates by reference its responses to paragraphs 1 through 35 contained in this Answer as if fully set forth herein.

37.     Upon information and belief, Defendant was aware of Plaintiff's prior creation of the BREYERS® Moments Campaign and adopted and used the Infringing Campaign in disregard of Plaintiff's prior intellectual property rights.  Upon information and belief, the sale of goods under Defendant's Infringing Campaign has resulted in the misappropriation of and trading upon Plaintiff's goodwill and business reputation at Plaintiff's expense and at no expense to Defendant.  The effect of Defendant's misappropriation of Plaintiff's goodwill symbolized by

the BREYERS® Moments Campaign is to unjustly enrich Defendant, damage Plaintiff and confuse and/or deceive the public.

**ANSWER**:    Wells denies the allegations of Paragraph 37.

38.    Defendant's conduct constitutes unfair competition with Plaintiff, all of which has caused and will continue to cause irreparable injury to Plaintiffs goodwill and reputation unless enjoined by this Court.  Plaintiff has no adequate remedy at law.

**ANSWER**:    Wells denies the allegations of Paragraph 38.

## THIRD CLAIM FOR RELIEF
## DECEPTIVE TRADE PRACTICES (N.Y. General Business Law§ 349)

39.    Plaintiff realleges paragraphs 1 through 38 above and incorporates them by reference as if fully set forth herein.

**ANSWER**:    Wells incorporates by reference its responses to paragraphs 1 through 38 contained in this Answer as if fully set forth herein.

40.    By reason of the acts and practices set forth above, Defendant has and is engaged in deceptive trade practices or acts in the conduct of a business, trade or commerce, or furnishing of goods and/or services, in violation of § 349 of the New York General Business Law.

**ANSWER**:    Wells denies the allegations of Paragraph 40.

41.    The public is likely to be damaged as a result of the deceptive trade practices or acts engaged in by the Defendant.

**ANSWER**:    Wells denies the allegations of Paragraph 41.

42.    Unless enjoined by the Court, Defendant will continue said deceptive trade practices or acts, thereby deceiving the public and causing immediate and irreparable damage to the Plaintiff.  Plaintiff has no adequate remedy at law.

**ANSWER**:    Wells denies the allegations of Paragraph 42.

## GENERAL DENIAL

Wells denies each and every allegation, matter, or thing contained in the Complaint, express or implied, not expressly admitted herein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1.      Plaintiff's Complaint, on one or more claims alleged, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Invalid Trademark)

2.      Plaintiff's Second and Third Claims for Relief are barred because Plaintiff's alleged BREYERS® Moments Campaign is not a protectable mark, a legally cognizable symbol of Plaintiff's goodwill, or otherwise protectable under any statute or common law.

### THIRD AFFIRMATIVE DEFENSE
### (Invalidity of Copyright in "Moments" Theme/Copyright Misuse)

3.      Plaintiff's claims are barred, in whole or in part, because Plaintiff does not own a valid copyright in a "moments" theme for its advertisement.  Such a theme is not original to Plaintiff and has been the subject of numerous advertising campaigns over many years, since long before Plaintiff adopted it for its advertisements at issue in this case.  To the extent Plaintiff's claims in this action are based on Wells' alleged copying of this "moments" theme, Plaintiff is seeking to assert a copyright in matters not subject to copyright protection and therefore is engaging in copyright misuse.

## FOURTH AFFIRMATIVE DEFENSE
### (Preemption)

4.      Plaintiff's Second and Third Claims for Relief are barred under the doctrine of preemption, including without limitation under the holdings and principles of *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003), *TrafFix Devices, Inc. v. Marketing Displays, Inc.*, 532 U.S. 23 (2001) and *Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*, 489 U.S. 141, (1989).

## FIFTH AFFIRMATIVE DEFENSE
### (No Damages)

5.      Without admitting that Plaintiff's Complaint states a claim, there has been no damage in any amount, manner or at all by reason of any act alleged against Wells in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted.

## SIXTH AFFIRMATIVE DEFENSE
### (No Willful Infringement)

6.      Plaintiff's claims are barred, in whole or in part, because any allegedly infringing conduct by Wells was neither willful nor intentional.

## SEVENTH AFFIRMATIVE DEFENSE
### (Adequate Remedy at Law)

7.      The alleged injury suffered by the Plaintiff, if any, would be adequately compensated by damages. Accordingly, Plaintiff has a complete and adequate remedy at law and is not entitled to obtain equitable relief.

## EIGHTH AFFIRMATIVE DEFENSE
### (No Irreparable Harm)

8.      Plaintiff's claims for injunctive relief are barred because Plaintiff cannot show that it will suffer any irreparable harm resulting from Wells' actions.

## ADDITIONAL DEFENSES

9.      Defendant reserves all other affirmative defenses under Rule 8(c) of the Federal

Rules of Civil Procedure, the Lanham Act, and any other defenses at law or in equity, that may

now exist or in the future be available based on discovery and further factual investigation in this

case.

## PRAYER FOR RELIEF

Wells requests that Unilever's claims be dismissed in their entirety with prejudice, that

judgment be entered in favor of Wells and against Unilever, that Unilever be denied all relief

requested in its claims, and that the Court enter orders and judgment as follows:

A.      Dismissing Unilever's Complaint with prejudice;

B.      Awarding Wells its actual costs of suit and reasonable attorneys' fees pursuant to

17 U.S.C. § 505 and New York General Business Law §§ 349(h) and 350-e; and

C.      Awarding Wells such further relief as this Court may deem just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Wells hereby demands a

trial by jury on all issues so triable.

Dated October 6, 2014                          Respectfully Submitted,

                                               */s/ Beth I. Goldman*
                                               Richard Kurnit
                                               Beth I. Goldman
                                               FRANKFURT KURNIT KLEIN & SELZ, P.C.
                                               488 Madison Avenue, 10th Floor
                                               New York, New York 10022
                                               Telephone: 212-980-0120
                                               Facsimile: 212-593-9175
                                               rkurnit@fkks.com
                                               bgoldman@fkks.com

Natalie Hanlon-Leh (*pro hac vice*)
Marc C. Levy (*pro hac vice*)
Faegre Baker Daniels LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, CO 80203-4532
Telephone: 303-607-3500
Facsimile: 303-607-3600
natalie.hanlonleh@faegreBD.com
marc.levy@faegreBD.com

Kathryn A. Feiereisel (*pro hac vice*)
Faegre Baker Daniels LLP
311 South Wacker Drive, Suite 4400
Chicago, IL 60606
Telephone: (312) 212-6500
Facsimile: (312) 212-6501
katie.feiereisel@faegreBD.com

*Counsel for Defendant-Counterclaimant*
*Wells Enterprises, Inc.*

17

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2014, I electronically filed the foregoing Answer and Affirmative Defenses of Defendant Wells Enterprises Inc. with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following persons at the given email addresses:

Gregory P. Gulia
Vanessa C. Hew
Mitchell A. Frank
DUANE MORRIS LLP
1540 Broadway
New York, NY 10036-4086
Telephone:   (212) 692-1000
Facsimile:   (212) 692-1020

/s/ *Beth I. Goldman*

Beth I. Goldman
FRANKFURT KURNIT KLEIN & SELZ, P.C.
488 Madison Avenue, 10th Floor
New York, New York 10022
Telephone: 212-980-0120
Facsimile: 212-593-9175
bgoldman@fkks.com